UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROD WILLIAM IRELAND,<br><br>Plaintiff,<br><br>v.<br><br>SOLANO COUNTY, et al.<br><br>Defendants. | No. 2:19-cv-1104-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff proceeds without counsel in this action brought pursuant to 42 U.S.C. § 1983. He has filed a motion for a temporary restraining order and preliminary injunctive relief (ECF No. 6) and an application to proceed in forma pauperis (ECF No. 2).

### Application to Proceed In Forma Pauperis

The court has reviewed plaintiff's application and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request to proceed in forma pauperis is granted and his complaint is screened below.

### Screening

I.     Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

/////

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II. Analysis

A. Sergeant White

Plaintiff alleges that, while incarcerated at the Solano County Jail, Sergeant White violated his rights under Title II of the Americans with Disabilities Act ("ADA") by placing him in administrative segregation. ECF No. 5 at 2. Plaintiff also alleges that his assignment to administrative segregation by White violated his due process rights insofar as he was not provided any hearings or written notice concerning his placement. *Id.* at 10. Next, plaintiff alleges that the assignment to administrative segregation denies him equal protection under the law. *Id.* at 14. Finally, plaintiff alleges that his placement in administrative segregation

2

constitutes cruel and unusual punishment in contravention of the Eighth Amendment. *Id.* Plaintiff asserts each of these claims against White in both his individual and official capacity. *Id.* at 1.

With respect to plaintiff's ADA claim against White, there is no individual liability for defendants sued for Title II violations pursuant to section 1983. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) ("We therefore join the Fifth, Eighth, and Eleventh Circuits and hold that a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act."). And plaintiff's official capacity ADA claim against White is, in effect, a claim against Solano County itself. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). To state a claim against the county, plaintiff must allege that some policy, practice, or custom was the moving force behind his injury. *See Castro v. City of Los Angeles*, 833 F.3d 1060, 1075-76 (9th Cir. 2016). Plaintiff has failed to allege, in any specific terms, that some policy, practice, or custom of the county led to his placement in administrative segregation because of his disability.

Turning to plaintiff's due process claim, plaintiff has stated, for screening purposes, a cognizable claim against White. Due process requires, *inter alia*, an informal, non-adversarial hearing regarding a prisoner's placement in administrative segregation. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1091-92 (9th Cir. 1986). Plaintiff alleges he received neither hearing nor notice of why he was being placed in administrative segregation.

Next, the court finds that plaintiff has stated, for screening purposes, a cognizable "class of one" equal protection claim against White. A plaintiff establishes a "class of one" equal protection claim where he alleges that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. *See Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

/////
/////
/////
/////

3

Finally, the court finds that plaintiff has failed to state an Eighth Amendment[1] claim based on his placement in administrative segregation. The Ninth Circuit has held that assignment of a prisoner to administrative segregation for an indeterminate term, without more, does not constitute cruel and unusual punishment. *See Toussaint v. Yockey*, 722 F.2d 1490, 1494 n. 6 (9th Cir. 1984). It appears, however, that plaintiff is a pre-trial detainee[2] and, accordingly, his claim arises under the due process clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). Thus, plaintiff has stated a potentially cognizable claim that his lengthy term in administrative segregation, while not amounting to cruel and unusual punishment under the Eighth Amendment, runs afoul of the prohibition on pre-trial punishment. *Id.* at 535. He may proceed past screening with this claim.

B. Sheriff Ferrara and County of Solano

Plaintiff brings his claims against Sheriff Ferrara only in his official capacity. ECF No. 5 at 15. Thus, as noted *supra*, his claims against the Sheriff are properly against the county itself. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). And while plaintiff alleges that some policies and customs of the county contributed to the alleged violations he brings against defendant White, these allegations are little more than unsupported legal conclusions. *See*, *e.g.*, ECF No. 5 at 16 ("Sheriff Ferrara in his actions of failing to adequately train his subordinates (sic) employees allowed the utilization of administrative methods [that are] strictly prohibited . . ."). These unsupported conclusions are insufficient to comply with Rule 8. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that "the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-

---

[1] To the extent plaintiff is a pre-trial detainee, his claim would arise under the due process clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). It is possible that plaintiff's lengthy term in administrative segregation, while not amounting to cruel and unusual punishment under the Eighth Amendment, would run afoul of the prohibition on pre-trial punishment. *Id.* at 535.

[2] As best the court can tell, the amended complaint does not specify plaintiff's status as a pre-trial detainee. His application to proceed in forma pauperis, however, has "pre-trial detainee" written across the first page and plaintiff identifies himself as a pretrial detainee in his motion for injunctive relief. ECF No. 2 at 1; ECF No. 6 at 1.

unlawfully-harmed-me accusation."). Accordingly, the claims against Sheriff Ferrara and Solano County will be dismissed with leave to amend.

### Leave to Amend

Plaintiff may elect to proceed only with his due process and equal protection claims against defendant White. Or, he may submit an amended complaint which attempts to remedy the deficiencies in his other claims.

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing

5

and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

## Motion for Injunctive Relief

Plaintiff seeks an order from the court preventing the Solano County Sheriff from continuing to hold plaintiff in administrative segregation. ECF No. 6. A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A); *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997)("The standards for granting a temporary restraining order and a preliminary injunction are identical."); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order).[3] The purpose of the order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). Plaintiff claims, without elaboration, that his continued confinement in administrative segregation causes him "irreparable damage." ECF No. 7 at 5-6. Without a stronger showing of immediate and irreparable injury, plaintiff is not entitled to the relief sought.

Further, a party seeking preliminary injunctive relief must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009). Plaintiff showing as to the merits of his case has not satisfied that test.

/////

---

[3] In order to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)).

6

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the custodial agency filed concurrently herewith;

3. Plaintiff's allegations are sufficient to state cognizable due process and equal protection claims against defendant White. All other claims are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint;

4. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the July 17, 2019 complaint, one form USM-285, and instructions for service of process on defendant White. Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 form, and two copies of the endorsed complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendant will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure; and

5. Plaintiff is cautioned that failure to comply with this order may result in dismissal of this action for failure to prosecute.

6. The Clerk is directed to randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that plaintiff's motion for a temporary restraining order and preliminary injunctive relief (ECF No. 6) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

/////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 7, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROD WILLIAM IRELAND,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SOLANO COUNTY, et al,<br><br>　　　　Defendants. | No. 2:19-cv-1104-EFB P<br><br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____ proceed only with the due process and equal protection claims against defendant White and submits the following documents:

　　　　__1__　　completed summons form

　　　　__1__　　completed forms USM-285

　　　　__2__　　copies of the July 17, 2019 complaint

OR

(2) _____ delay serving any defendant and files an amended complaint in accordance with the court's Screening Order.

_____
　　　　　　　　　　　　　　Plaintiff

Dated: