UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROD WILLIAM IRELAND,<br><br>          Plaintiff,<br><br>     v.<br><br>SOLANO COUNTY, *et al.*,<br><br>          Defendants. | Case No. 2:19-cv-01104-KJM-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTIONS FOR A FORM SUBPOENA AND TO MODIFY THE SCHEDULING ORDER<br><br>ECF Nos. 34, 36, 37 |

    Plaintiff, a state prisoner proceeding without counsel, has filed two motions requesting that he be provided a subpoena form. ECF Nos. 34 & 36. He explains that he needs a subpoena form so that he can obtain his medical records from third party California Forensic Medical Group, Inc. ECF No. 36.

    Federal Rule of Civil Procedure 45(a)(3) provides that "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it." However, before a subpoena is issued, the court must ensure that the party serving the subpoena has taken reasonable steps to avoid imposing an undue burden or expense on the person or entity to be served with the subpoena. Fed. R. Civ. P. 45(d)(1); *see Austin v. Winett*, 1:04-cv-05104-DLB PC, 2008 WL 5213414, at *2 (E.D. Cal. Dec. 11, 2008) ("Directing the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court.").

1         I will grant plaintiff's motions and direct the Clerk of Court to send him a signed, but
2    otherwise blank, subpoena form.  Plaintiff is warned, however, that I will not direct the U.S.
3    Marshall to serve a subpoena unless he first shows that the documents he seeks are not readily
4    available to him or cannot be more easily obtained from defendants through a properly served
5    request for production.  *See* Fed. R. Civ. P. 34.  If plaintiff can make that showing, he must then
6    submit a completed subpoena form describing the items to be produced with reasonable
7    particularity and designating a reasonable time, place, and manner for production.  He must also
8    explain the relevance of the information sought and, if known, describe the burden and expense to
9    the non-party in providing the requested information.

10        Plaintiff has also filed a motion to modify the scheduling order to extend the deadline for
11   completion of discovery.  ECF No. 37.  He explains that the ongoing pandemic has limited his
12   access to the law library, which has hindered his ability to prepare requests for discovery.  *Id*. at
13   1-2.  Defendants oppose plaintiff's motion, arguing that plaintiff has demonstrated an ability to
14   adequately prepare and serve written discovery requests.  ECF No. 39.  They state that he has
15   already served interrogatories, requests for admissions, and requests for productions of
16   documents.  *Id*. at 2.

17        A court may modify its scheduling order only upon a showing of good cause.  Fed. R.
18   Civ. P. 16(b)(4).  In determining whether good cause exists, courts primarily consider the moving
19   party's diligence.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).
20   Thus, the "court may modify the pretrial schedule if it cannot reasonably be met despite the
21   diligence of the party seeking the extension."  *Id*.  Although plaintiff may have already served
22   some discovery requests, that does not necessarily mean that he has been able to obtain all
23   discovery needed to litigate this case.  Indeed, it appears that plaintiff still needs to subpoena or
24   otherwise obtain his medical records, which are likely relevant to his claim that defendants should
25   not have housed him with other inmates because of his mental health issues.  *See* ECF No. 13-1 at
26   14-15.  I will grant plaintiff's motion to modify the scheduling order and provide a brief extension
27   of the deadlines to allow the parties to complete discovery.

28

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motions for a blank subpoena form, ECF Nos. 34 & 36, are granted.

2. The Clerk of the Court is directed to provide plaintiff with a signed but otherwise blank subpoena duces tecum form with this order. *See* Fed. R. Civ. P. 45(a)(3).

3. If plaintiff wants the U.S. Marshal to serve the subpoena, he shall, within twenty-one days of this order, complete and return the provided subpoena. The subpoena shall identify with particularity the materials it commands to be produced and designate a reasonable time, place, and manner for production.

4. Plaintiff's motion to modify the scheduling order, ECF No. 37, is granted, and the scheduling order, ECF No. 31, is modified as follows:

   a. The deadline for completion of discovery is extended to December 23, 2021. Any motion to compel must be filed by that date. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 shall be served not later than November 5, 2021.

   b. The deadline for filing dispositive motions is extended to February 4, 2022.

IT IS SO ORDERED.

Dated:   September 29, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3